IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DOMTAR CORPORATION, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.:_____ |
| PACE INDUSTRY UNION-MANAGEMENT PENSION FUND, | ) ) ) ) ) |
| Defendant. | ) ) |

**COMPLAINT TO ENFORCE ARBITRATION AWARD**

Plaintiff Domtar Corporation ("Domtar"), by their attorneys Jackson Lewis P.C., as and for their complaint against Defendant PACE Industry Union-Management Pension Fund (the "Pension Fund"), respectfully alleges as follows:

**NATURE OF ACTION**

1. Domtar brings this action pursuant to Sections 4221(b)(2) and 4301(b)(1) of the Employee Retirement Income Security Act, as amended ("ERISA"), 29 U.S.C. §§ 1401(b)(2) and 1451, to enforce the Arbitration Decision and Award issued by Arbitrator Martin F. Scheinman on May 24, 2016 (the "Award.") A true and correct copy of the Award is attached hereto as Exhibit A.

**THE PARTIES**

2. Domtar is a Delaware corporation with corporate offices in Fort Mill, South Carolina.

1

3. Domtar is authorized to bring this action pursuant to Section 4221(b)(2) of ERISA, 29 U.S.C. § 1401(b)(2).

4. The Pension Fund is a multiemployer plan as defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

5. Upon information and belief, the Pension Fund is administered within the Middle District of Tennessee.

## JURISDICTION & VENUE

6. The Court has subject matter jurisdiction over this action pursuant to Sections 4221(b)(2), 4301(a) and 4301(c) of ERISA, 29 U.S.C. §§ 1401(b)(2), 1451(a) and 1451(c).

7. Venue is proper in this Court pursuant to Sections 4221(b)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1401(b)(2) and 1451(d) because the Pension Fund is administered within the Middle District of Tennessee.

## FACTUAL BACKGROUND

8. Prior to December 30, 2012, Domtar had a collectively-bargained obligation to contribute to the Pension Fund.

9. Domtar withdrew from the Pension Fund in a complete withdrawal on December 30, 2012.

10. By letter dated April 11, 2014, (the "Demand for Withdrawal Liability"), the Pension Fund assessed withdrawal liability against Domtar in the amount of $46,550,825 resulting from Domtar's withdrawal from the Pension Fund. A true and correct copy of the Demand for Withdrawal Liability is attached hereto as Exhibit B.

11. The Demand for Withdrawal Liability demanded payment of Domtar's withdrawal liability in two hundred and forty (240) monthly payments each in the amount of $355,860.13.

12. By letter dated July 2, 2014 (the "Request for Review"), Domtar's counsel timely requested, pursuant to Section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2), that the Pension Fund review the Demand for Withdrawal Liability. A true and correct copy of the Request for Review is attached hereto as Exhibit C.

13. Domtar's Request for Review asserted that the Pension Fund had improperly included automatic contribution surcharges imposed by the Fund under Section 305(e)(7) of ERISA, as amended by the Pension Protection Act (collectively the "PPA Surcharge") when calculating Domtar's annual withdrawal liability installment payment.

14. Domtar's Request for Review asserted that the Pension Fund had improperly included certain non-collectively bargained contribution increases unilaterally imposed by the Fund under Section 305(e)(3)(C) of ERISA, as amended by the Pension Protection Act (collectively the "Contribution Rate Increase") when calculating Domtar's annual withdrawal liability installment payment.

15. By letter dated October 9, 2014 (the "Response to Request for Review"), the Pension Fund summarily dismissed the arguments raised by Domtar in the Request for Review. A true and correct copy of the Response to Request for Review is attached hereto as Exhibit D.

16. By letter dated January 29, 2015 (the "Demand for Arbitration"), Domtar timely commenced arbitration (the "Arbitration") pursuant to Section 4221(a)(1) of ERISA. A true and correct copy of the Demand for Arbitration is attached hereto as Exhibit E.

17. The parties agreed that the Arbitration would be presided over by Arbitrator Martin F. Scheinman and that Arbitrator Scheinman would render his award on written submissions and without a hearing.

18. Domtar submitted its Memorandum of Law in Opposition to Claim for Withdrawal Liability on October 23, 2015.

19. The Pension Fund submitted its Opening Brief on October 26, 2015.

20. Domtar submitted its Reply Memorandum of Law on November 9, 2015.

21. The Pension Fund submitted its Response Brief on November 9, 2015.

22. On May 24, 2016, Arbitrator Scheinman entered the Award. *See Exhibit A*.

23. Pursuant to the Award, Arbitrator Scheinman ruled as follows:

    a. The Pension Fund's inclusion of the PPA Surcharge in the rate used to calculate Domtar's annual withdrawal liability installment payment was improper and not authorized by ERISA;

    b. The Pension Fund's inclusion of the Contribution Rate Increase in the rate used to calculate Domtar's annual withdrawal liability installment payment was improper and not authorized by ERISA;

    c. As a remedy, the Pension Fund shall a) re-determine Domtar's highest contribution rate, without accounting for the automatic PPA surcharge and the non-bargained contribution rate increases imposed by the Fund, b) re-calculate the amount of Domtar's annual withdrawal Liability installment payment and c) revise and re-issue Domtar's withdrawal liability installment payment schedule, accordingly;

    d. Any overpayments in the amounts due on the revised schedule shall be credited to future installment payment obligations of Domtar.

24. To date, Domtar has made twenty five (25) withdrawal liability installment payments, each in the amount of $355,860.13.

25. Arbitrator Scheinman retained jurisdiction over the Arbitration for the sole purpose of determining any disputes regarding the correction of the overpayments that Domtar had made as a result of the improper conduct of the Pension Fund in including the PPA Surcharge and the Contribution Rate Increase when calculating Domtar's annual withdrawal liability installment payment.

26. To date, the Pension Fund has failed to comply with the Award.

## PRAYER FOR RELIEF

In view of the foregoing, Domtar seeks the following relief:

1. A judgment against the Defendant, and on behalf of the Plaintiff, enforcing the Award and ordering the Pension Fund to: (a) recalculate the amount of Domtar's annual withdrawal liability installment payment amount without including the PPA Surcharge and the Contribution Rate Increase; and (b) revise and reissue Domtar's withdrawal liability installment payment schedule accordingly.

2. An award to Plaintiff of attorney's fees and costs pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

3. An award to Plaintiff of such other relief as the Court may deem just and proper.

4. That Arbitrator Scheinman continue to retain jurisdiction over the Arbitration for the sole purpose of resolving any disputes between Domtar and the Pension Fund regarding the correction of the overpayments made by Domtar as a result of the improper conduct of the Pension Fund, as provided in the Award.

5. That the Court retain jurisdiction of this cause pending compliance with its orders.

DATED this 20th day of June, 2016.

                                                 Respectfully submitted,

                                                 s/ Colby S. Morgan
                                                 Colby S. Morgan (TN Bar No. 005556)
                                                 Eileen Kuo (TN Bar No. 027365)
                                                 JACKSON LEWIS P.C.
                                                 999 Shady Grove Rd., Suite 110
                                                 Memphis, TN 38120
                                                 Telephone: (901) 462-2600
                                                 Facsimile: (901) 462-2603

Email: colby.morgan@jacksonlewis.com
eileen.kuo@jacksonlewis.com

ATTORNEYS FOR PLAINTIFF
DOMTAR CORPORATION

4832-2685-7779, v. 1